1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7   ANNETTE L. TURNER,                    )
8                          Plaintiff,     )        Case No. 2:11-cv-00190-PMP-PAL
                                          )
9   vs.                                   )        **ORDER**
                                          )        (IFP App - Dkt. #7)
10  ELIZABETH NOZERO, et al.,             )
                                          )
11                         Defendants.    )
12  _____   )

13         This matter is before the court on Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt.

14  #3) filed March 24, 2011.  Previously, Plaintiff filed an incomplete Application, and the court directed

15  her to file a new Application on or before April 15, 2011.  Plaintiff complied. This proceeding was

16  referred to this court by Local Rule IB 1-9.

17  **I.    *In Forma Pauperis* Application**

18         Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

19  and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be

20  granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

21  **II.   Screening the Complaint**

22         Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

23  complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the action is

24  legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

25  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a

26  court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

27  with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

28  / / /

1   deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

2   1995).

3          Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for

4   failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a

5   ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

6   2000).  A properly pled complaint must provide a short and plain statement of the claim showing that

7   the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,

8   555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels

9   and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129

10  S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as

11  true all well-pled factual allegations contained in the complaint, but the same requirement does not

12  apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action,

13  supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the

14  complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.

15  *Twombly,* 550 U.S. at 570.

16         The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C.

17  § 1983.   To state a claim under section 1983, a plaintiff must allege that a right secured by the

18  Constitution has been violated, and the deprivation was committed by a person acting under color of

19  state law.  *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their

20  official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not

21  be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983

22  does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26

23  (1991).  Plaintiff's Complaint does not allege any state actor violated her constitutional rights.  It does

24  not state a claim under section 1983, and Plaintiff's claim under 1983 will be dismissed with leave to

25  amend.

26         Plaintiff's Complaint alleges that she was terminated without cause by her former employer,

27  Defendant Power Services, after she reported her employer for not paying her overtime pay when she

28  worked in excess of forty hours per week in violation of the Fair Labor Standards Act ("FLSA").  She

2

1    states she was not paid time and a half when she worked more than forty hours over a period of four

2    and a half years. Plaintiff filed a complaint with the Equal Employment Opportunity Commission

3    ("EEOC"). After filing the complaint, another employee, Amy Cordarol, threatened her with physical

4    harm because she filed a complaint with the EEOC. She reported Defendant Cordarol's threats to

5    Nellis Air Force Base security and the Base Commander, and they failed to take any action to protect

6    her. Plaintiff claims the Air Force Base security personnel should have protected her from receiving

7    threats. Carl Sutton, another employee, placed Plaintiff on administrative leave after she filed her

8    complaint, and Elizabeth Nozaro, the company's president, terminated her. Although the stated reason

9    for the termination was because Plaintiff used profanity, Plaintiff alleges she was terminated in

10   retaliation for complaining about the FLSA violations.

11        **A.    Claims Under Title VII.**

12        It appears Plaintiff is attempting to state a claim for discrimination and retaliation under Title

13   VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e *et seq.* Title VII allows a party to sue an employer

14   for discrimination on the basis of race, color, religion, gender or national origin if he or she has

15   exhausted both state and Equal Employment Opportunity Commission (EEOC) administrative

16   procedures. To exhaust state procedures, plaintiff must seek enforcement of state anti-discrimination

17   laws by filing a claim with the Nevada Commission on Equal Rights within 180 days of the alleged

18   discrimination. Nev. Rev. Stat. §§ 233.160(1)(b); *see also* 613.330(1)(a) (state employment anti-

19   discrimination laws). After plaintiff has exhausted state administrative procedures he must file a charge

20   of discrimination with the EEOC within three hundred days of the alleged discrimination or within

21   thirty days of termination of state proceedings. 42 U.S.C. § 2000e-5. Once plaintiff files charges with

22   the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide

23   whether to sue the employer or refer the decision to sue to the Attorney General if the charges are

24   against a state or local governmental entity. *Id.* If the EEOC or Attorney General decides not to sue

25   and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue

26   letter and plaintiff will have exhausted her remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1).

27   After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id.*; *see also Yellow*

28   / / /

*Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).  Here, Plaintiff has attached a right to sue letter.  It appears she has exhausted her administrative remedies.

    To prove a *prima facie* case of retaliation in violation of Title VII, Plaintiff must establish: (1) that he or she committed a protected act, such as complaining about discriminatory practices; (2) that the employee suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008).  Here, Plaintiff alleges she was terminated after she reported her employer's alleged violation of federal labor laws.  Under Title VII, where an employee opposes an unlawful practice, he or she has engaged in a protected activity.  *See* 42 U.S.C. § 2000e-3(e).  She has, therefore, stated a retaliation claim against her employer, Defendant Power Services.

    In order to prove a *prima facie* case of discrimination in violation of Title VII, Plaintiff must establish: (a) she belonged to a protected; (b) she was qualified for her job; (c) she was subjected to an adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment.  *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (*citing Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).  Here, Plaintiff has not alleged she was a member of any protected class, or that she was discriminated against on the basis of race, religion, or gender.  The court finds that Plaintiff has not stated a claim for discrimination under Title VII, and this claim will be dismissed with leave to amend.

    Plaintiff cannot, however, state a claim against Defendants Carl Sutton, Amy Cordarol, or Elizabeth Nozero under Title VII.  Title VII only allows claims to proceed against a person's employer and does not allow claims against a person's supervisors or co-workers.  *See, e.g., Miller v. Maxwell's International*, 991 F.2d 583, 587 (9th Cir. 1993), *cert. denied,* 114 S.Ct. 1049 (1994) (rejecting individual supervisory liability under Title VII).  Therefore, Plaintiff's claims against these Defendants will be dismissed with leave to amend.

**B.     FLSA Claim.**

    In order to state a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), Plaintiff must allege that her employer failed to pay her overtime when she worked over forty hours per week.  29 U.S.C. § 207(a)(1).  Here, Plaintiff has alleged that she is an hourly employee who worked

over forty hours per week and was not paid overtime.  She has stated a claim under the FLSA against Defendant Power Services.

**C.     Remaining Claims.**

Plaintiff has also attempted to state a claim against 99 Communication Squadron and Nellis Air Force Base.  However, her Complaint makes no factual allegations against these Defendants.  Plaintiff has not stated a claim against 99 Communication Squadron and Nellis Air Force Base.

Finally, Plaintiff claims that the U.S. Air Force Base Commander and Security Officers are liable for their failures to take action to prevent harm to her after she was allegedly threatened by Defendant Cordarol.  Plaintiff claims these Defendants owed her a duty of protection because the threats allegedly occurred on the Air Force Base.  Essentially, Plaintiff is attempting to state a negligence tort claim against these Defendants.  In order to state a tort claim against a federal officer or agent, the Plaintiff must state a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346.

In order to prove a FTCA violation, Plaintiff must make a claim for money damages

> for injury or loss of property, or <u>personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment</u>, under circumstances where the United States, if a private person, would be liable
>
> to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added).  Before suing the government under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency."  28 U.S.C. § 2675(a).  Plaintiff has not alleged that she has taken any steps to resolve this claim at the agency level, and it will be dismissed with leave to amend.

Accordingly,

**IT IS ORDERED:**

1.     Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2.     Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This

Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3.      The Clerk of the Court shall file the Complaint.

4.      The Clerk of the Court shall issue Summons to Defendant Power Services, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

5.      From this point forward, Plaintiff shall serve upon Defendant Power Services, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

6.      Plaintiff's claim under Title VII for discrimination is DISMISSED for failure to state a claim upon which relief can be granted, with leave to amend.

7.      Plaintiff's claim under 42 U.S.C. § 1983 is DISMISSED for failure to state a claim upon which relief can be granted, with leave to amend.

8.      Plaintiff's Title VII claims against Defendants Carl Sutton, Amy Cordarol, or Elizabeth

Nozero are DISMISSED for failure to state a claim upon which relief can be granted, with leave to amend.

9.    Plaintiff's claims against 99 Communication Squadron and Nellis Air Force Base are DISMISSED for failure to state a claim upon which relief can be granted, with leave to amend.

10.    Plaintiff's claims against U.S. Air Force Base Commander and Security Officers are DISMISSED for failure to state a claim upon which relief can be granted, with leave to amend.

11.    Plaintiff shall have until **April 28, 2011,** to file her Amended Complaint, if she believes she can correct the noted deficiencies.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., her original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

12.    Failure to comply with this Order will result in the dismissal of this case, without prejudice.

Dated this 28th day of March, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE