**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANNETTE L. TURNER, | Case No. 2:11-cv-00190-JCM-PAL |
| Plaintiff, | **ORDER** |
| vs. | |
| ELIZABETH NOZERO, et al., | |
| Defendants. | |

    This matter is before the court on Plaintiff's Response (Dkt. #13) to the court's Order to Show Cause (Dkt. #12) filed on May 23, 2011. Previously, on April 19, 2011. the court entered an Order (Dkt. #11) requiring Plaintiff to comply with Local Rule 7.1-1 and file a Certificate of Interested Parties on or before May 3, 2011. Plaintiff did not comply, and on May 13, 2011, it entered an Order to Show Cause (Dkt. #12), directing Plaintiff to show cause in writing why she had not complied with the court's Order (Dkt.#11). Plaintiff's Response (Dkt. #13) represents that no one else has an interest in this case. The court is satisfied that Plaintiff did not intentionally disregard the court's Orders (Dkt. ##11, 12) or the requirements of LR 7.1-1, and sanctions are not warranted.

    Plaintiff's filing also indicates that she is frustrated because this case is not progressing, and she does not know what steps she must take to prosecute this action. Although the court cannot give Plaintiff legal advice, a review of the docket reflects that summons has not been returned executed as to Defendant Power Services. In an order entered April 4, 2011 (Dkt#8) the court screened the Plaintiff's complaint, found that Plaintiff had stated a claim against Defendant Power Services, directed that the Clerk of Court file it and issue summons to Defendant Power Services and to deliver it to the U. S. Marshals Service (USMS) for service. The order also directed Plaintiff to to fill out the required Form USM-285 within 20 days of receiving the form and deliver it to the USMS . The order advised Plaintiff that service on Defendant Power Service must be accomplished within 120 days of the order as required

by Rule 4(m) of the Federal Rules of Civil Procedure. The order also found that Plaintiff had not stated claims against the remaining Defendants and dismissed those Defendants, Plaintiff's Title VII claim for discrimination, and claim under 42 U.S.C. Section 1983 for the reasons stated, but gave Plaintiff until April 28, 2011 to file an Amended Complaint if she believed she could correct the deficiencies the court pointed out in the screening order.  Plaintiff did not file an Amended Complaint.  Therefore, the only Defendant who remains is this action is Defendant Power Services.

      The Clerk of Court filed the complaint, issued summons to Defendant Power Services on April 7, 2011, and the summons was delivered to the United States Marshals Service ("USMS") on April 8, 2011 as the court ordered.  In order to serve Defendant Power Services, Plaintiff should have  filled out Form USM-285 and returned it to the Marshals Service as she was directed to do in the screening order (Dkt. #8).  Afterward, she should have filed a notice with the court indicating whether Defendant Power Company was served. If Power Services was not served she should have filed a motion identifying the unserved Defendant and specifying a more detailed name and/or address for the unserved Defendant, or whether some other manner of service should be attempted as the screening order directed.  It does not appear Plaintiff complied with these provisions of the order, and it does not appear that Defendant Power Company was served.  A Defendant is not required to appear in court or respond to a complaint unless and until it is served.  If Plaintiff does not follow the court's detailed directions to accomplish service through the USMS this case will be dismissed for failure to timely serve and failure to prosecute.

      The court appreciates that it is difficult for an individual to pursue a federal lawsuit without counsel.  However, if Plaintiff wishes to proceed with this case she is responsible for familiarizing herself with the Federal Rules of Civil Procedure, The Local Rules of Practice and the substantive law that applies to her case. Neither the court, nor the Clerk of Court may give her legal advice.  The court will direct that the Clerk provide Plaintiff with another Form USM-285 so that she may fill it out and deliver it to the USMS to have Power Services served.  Plaintiff should carefully read this order and the prior screening order (Dkt. #8) and follow the court's directions.

///

///

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall provide Plaintiff with another Form USM-285.

2. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.

3. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether Defendant Power Company was served.

4. If the USMS is unable to serve Power Services because Plaintiff has not provided the required information, or for any other reason, and Plaintiff wishes to have service again attempted on Power Services, a motion must be filed with the court identifying the unserved defendant (Power Services) and specifying a more detailed name and/or address for it, or whether some other manner of service should be attempted.

6. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date the **original** screening order was entered. For good cause shown, upon Plaintiff's motion, the court may extend the time to have Power Services served.

7. Failure to timely comply with this Order will result in a recommendation to the District Judge that this case be dismissed.

Dated this 15th day of September, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE