1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

6
7
8
9
10
11

ANNETTE L. TURNER,                        )        2:11-cv-00190-PMP-PAL
                                          )
              Plaintiff,                  )
                                          )
v.                                        )
                                          )
POWER SERVICES,                           )                ORDER
                                          )
              Defendant.                  )
_____ )

12      Presently before the Court is Defendant Power Services' Motion to Dismiss

13  (Doc. #21), filed on February 6, 2012.  Plaintiff Annette L. Turner ("Turner") filed a

14  Response (Doc. #27) on March 12, 2012.  Power Services filed a Reply (Doc. #28) on

15  March 22, 2012.

16  **I.  BACKGROUND**

17      Turner is a former hourly employee of Power Services, a subcontractor for 99

18  Communication Squadron, which is a subcontractor for the United States Air Force Base at

19  Nellis.  (Compl. (Doc. #9) at 4, 6.)  This lawsuit arises out of Power Services' termination

20  of Turner's employment.  (Id. at 3.)  Although Turner does not provide the specific dates of

21  her employment with Power Services, Turner states she "worked more than 40 hours per

22  week for over 4 ½ years."  (Id. at 6.)  According to Turner, Power Services failed to pay her

23  overtime when she worked in excess of forty hours per work week in violation of the Fair

24  Labor Standards Act ("FLSA").  (Id.)  Turner complained to Power Services regarding its

25  failure to pay her overtime, but Power Services did not take action.  (Id.)  As a result,

26  Turner filed a charge with the Equal Employment Opportunity Commission ("EEOC")

1   concerning Power Services' failure to pay her overtime.  (Id.)

2          After Turner filed her EEOC charge, a Power Services employee threatened

3   Turner with physical harm.  (Id. at 3-4, 7.)  Turner reported the threat to Nellis Air Force

4   Base Security and the Base Commander, but they failed to take any action to protect

5   Turner. (Id. at 3, 5, 7.)  Subsequently, a Power Services' manager placed Turner on

6   administrative leave, and Power Services' president terminated Turner's employment.  (Id.

7   at 3-4, 6.)  Although the stated justification for her termination was use of profanity, Turner

8   contends Power Services terminated her in retaliation for filing a charge with the EEOC

9   regarding the alleged FLSA violations.  (Id. at 3-4, 6.)

10         On November 3, 2010, the EEOC mailed a "right to sue" letter to Turner.  (Id.,

11  Dismissal and Notice of Rights.)  On February 3, 2011, Turner filed an Application to

12  Proceed In Forma Pauperis ("Application") with this Court.  (Appl. (Doc. #1).)  Turner

13  attached to her Application her Complaint, filed on the Court's form civil rights complaint,

14  and the right to sue letter.  (Id.)  Turner's Application was incomplete, and the Court

15  ordered Turner to file a complete Application on or before March 15, 2011.  (Order (Doc.

16  #3) at 1.)  On March 10, 2011, Turner re-submitted an identical, incomplete Application.

17  (Appl. (Doc. #4).)  The Court ordered Turner to file a complete Application on or before

18  April 15, 2011.  (Order (Doc. #6) at 2.)  Turner complied.  (Appl. (Doc. #7).)  On April 4,

19  2011, the Court granted Turner's Application and ordered the Clerk of Court to file

20  Turner's Complaint.  (Order (Doc. #8) at 5-6.)  The same day, the Clerk of Court filed

21  Turner's Complaint along with the attached right to sue letter.  (Compl.)

22         Upon granting Turner's Application, the Court screened Turner's Complaint

23  pursuant to 28 U.S.C. § 1915(a).  The Court dismissed all claims against all Defendants

24  except Power Services.  (Order (Doc. #8) at 6-7.)  Further, the Court dismissed all claims

25  against Power Services except Turner's Title VII retaliatory discharge claim (count one)

26  and her FLSA claim (count two).  (Id. at 5-7.)  Count one of Turner's Complaint alleges she

was placed on administrative leave and then terminated in retaliation for filing an administrative charge with the EEOC regarding Power Services' failure to pay her overtime.  (Compl. at 4-5.)  Count two alleges Power Services violated the FLSA by failing to pay Turner overtime when she worked in excess of forty hours in a single work week.  (Id. at 6.)

Power Services now moves to dismiss Turner's Title VII retaliatory discharge claim.  First, Power Services argues Turner fails to establish she exhausted her administrative remedies because she did not attach the administrative charge she filed with the EEOC to her Complaint.  Second, Power Services argues Turner's claim is untimely because she did not file her Complaint within ninety days of her receipt of the right to sue letter from the EEOC.  Third, Power Services argues Turner fails to state a claim for retaliatory discharge because she does not allege she was retaliated against for opposing an unlawful employment practice within the scope of Title VII, namely, discrimination based on race, color, religion, sex, or national origin.

Power Services also argues Turner's FLSA claim should be dismissed.  First, Power Services argues the documentation attached to Turner's Certificate as to Interested Parties (Doc. #13) contradicts the facts Turner alleges in support of her FLSA claim.  Power Services requests that the Court consider the documentation attached to Turner's Certificate as to Interested Parties without converting the Motion to Dismiss presently before the Court to a motion for summary judgment.  Second, Power Services argues that Turner fails to plead sufficient facts to state a claim for violation of the FLSA and that her Complaint merely recites the elements of the cause of action without providing further factual enhancement.  Third, Power Services argues that even if Turner states a claim for violation of the FLSA, her claim is subject to the two-year statute of limitations for FLSA claims.  As such, Power Services argues any claims which accrued more than two years before the date of Turner's Complaint must be dismissed.

1    Turner responds she has exhausted her administrative remedies, thereby

2    establishing the Court's subject matter jurisdiction.  Turner does not address Power

3    Services' other arguments regarding her Title VII retaliatory discharge claim.  With respect

4    to her FLSA claim, Turner argues she sufficiently pled a claim for violation of the FLSA,

5    reiterating that Power Services did not pay her overtime when she worked in excess of forty

6    hours in a single work week as a switchboard operator.  Further, Turner argues the three-

7    year statute of limitations for willful violations of the FLSA applies instead of the ordinary

8    two-year statute of limitations.  Finally, Turner sets forth the standard for summary

9    judgment and requests that the Court consider pay stubs, time sheets, and calculations

10    attached to her Response in ruling on Power Services' Motion to Dismiss.

11    **II.  LEGAL STANDARD**

12    Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move the

13    Court for the dismissal of a complaint based upon its "failure to state a claim upon which

14    relief can be granted."  To succeed on such a motion, the defendant must show the plaintiff

15    does not make sufficient factual allegations to establish a plausible entitlement to relief.

16    Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S.

17    554, 570 (2007)).  In considering whether the complaint is sufficient to state a claim, "all

18    well-pleaded allegations of material fact are taken as true and construed in a light most

19    favorable to the non-moving party."  Wyler Summit P'ship v. Turner Broad. Sys. Inc., 135

20    F.3d 658, 661 (9th Cir. 1998) (citation omitted).  The Court "liberally construe[s] the

21    'inartful pleading' of pro se litigants."  Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir.

22    1987) (quotation omitted).

23    When ruling on a motion to dismiss, if the Court considers evidence outside the

24    pleadings, it normally must convert the motion into a motion for summary judgment.

25    United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  The Court "may, however,

26    consider certain materials—documents attached to the complaint, documents incorporated

1   by reference in the complaint, or matters of judicial notice—without converting the motion
2   to dismiss into a motion for summary judgment." Id. at 908.

3        In reviewing the Motion, the Court properly may consider the right to sue letter
4   attached to Turner's Complaint.  Turner's Complaint refers to the right to sue letter, her
5   claims rely upon the right to sue letter, and the parties do not dispute the right to sue letter's
6   authenticity.  However, the Court will not consider the various documents attached to
7   Turner's Certificate as to Interested Parties and Turner's Response.  These documents are
8   outside the pleadings and do not fall with the ambit of materials the Court properly may
9   consider in ruling on a motion to dismiss.  Also, Power Services contests the authenticity of
10   the documents attached to Turner's Response.  (Reply (Doc. #28) at 9-10.)  Accordingly,
11   the Court will not consider these documents in reviewing the Motion.

12   **III.  DISCUSSION**

13        **A.  Title VII Retaliatory Discharge Claim**

14             1.  Exhaustion of Administrative Remedies

15        To establish federal subject matter jurisdiction, Title VII requires a plaintiff to
16   exhaust his or her administrative remedies before filing suit.  B.K.B. v. Maui Police Dep't,
17   276 F.3d 1091, 1099 (9th Cir. 2002).  A plaintiff exhausts his or her administrative
18   remedies by timely filing a charge with the EEOC or the appropriate state agency, thereby
19   affording the EEOC or the state agency an opportunity to investigate the charge.  42 U.S.C.
20   § 2000e-5(b); B.K.B., 276 F.3d at 1099.

21        Here, Power Services argues Turner should have attached a copy of the
22   administrative charge she filed with the EEOC to her Complaint so the Court can evaluate
23   whether Turner's Title VII retaliatory discharge claim was among the charges originally
24   made to the EEOC.  Power Services argues that if Turner's retaliatory discharge claim was
25   not among the charges originally made to the EEOC, then the Court lacks subject matter
26   jurisdiction.  However, Power Services has pointed to no authority that supports dismissal

1   at the pleading stage under such circumstances.  Where a pro se plaintiff alleges in her form

2   complaint that she filed a charge with the EEOC and attaches to her complaint a copy of the

3   right to sue letter, but not a copy of the EEOC charge, she sufficiently pleads she exhausted

4   her administrative remedies.  Miles v. Bellfontaine Habilitation Ctr., 481 F.3d 1106, 1107

5   (8th Cir. 2007).  In this case, Turner alleges she filed a charge with the EEOC and attaches

6   to her Complaint the right to sue letter.  Therefore, under a liberal construction of Turner's

7   pro se Complaint, Turner sufficiently has pled she exhausted her administrative remedies as

8   required by Title VII.[1]

9                      2.  Statute of Limitations

10          A Title VII claimant must file his or her complaint within ninety days after

11  receipt of a right to sue letter from the EEOC.  See 42 U.S.C. § 2000e-5(f)(1).  The ninety-

12  day period "is a statute of limitations subject to equitable tolling in appropriate

13  circumstances."  Stiefel v. Bechtel Corp., 624 F.3d 1240, 1245 (9th Cir. 2010) (quoting

14  Valenzuela v. Kraft, Inc., 801 F.2d 1170, 1174 (9th Cir. 1986)).

15          Delivering or filing an application to proceed in forma pauperis, along with the

16  complaint, to the clerk of court tolls the ninety-day statute of limitations for filing a

17  complaint following the receipt of the EEOC's right to sue letter.  Toliver v. Sullivan Cnty.,

18  841 F.2d 41, 42 (2d Cir. 1988) (pro se plaintiff's Title VII complaint was timely because it

19  was received by the clerk's office along with plaintiff's in forma pauperis application prior

20  to the expiration of the limitations period even though plaintiff's complaint was not filed

21  and entered on the docket until nearly a month later, after the district court ordered that

22  ────────────────────

23          [1]    In its Motion to Dismiss, Power Services argues only that Turner did not attach to
    her Complaint the EEOC administrative charge.  However, Power Services does not argue
24  Turner's Title VII retaliatory discharge claim was not included in Turner's administrative
    charge as a factual matter.  As such, Power Services makes a facial, rather than a factual,
25  challenge to subject matter jurisdiction.  See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir.
    2004).  On a facial challenge, the Court accepts the plaintiff's allegations as true and does not
26  look beyond the face of the complaint to determine jurisdiction.  Id.

plaintiff may proceed in forma pauperis); see also Cintron v. Union Pac. R.R. Co., 813 F.2d 917, 920 (9th Cir. 1987) (holding that a complaint is considered filed when delivered to the clerk of court even if the plaintiff is not in compliance with other local rules).

In this case, the EEOC sent the right to sue letter to Turner on November 3, 2010. Nowhere in her Complaint does Turner allege when she received the right to sue letter. However, courts presume a right to sue letter was received within three days of its mailing for purposes of calculating whether a Title VII complaint was filed within the ninety-day limitations period. Payan v. Aramark Mgmt. Servs. Ltd., 495 F.3d 1119, 1125-26 (9th Cir. 2007); see also Fed. R. Civ. P. 6(d) (providing for three additional days after a period would otherwise expire when service is made by mail). Using the right to sue letter's mailing date as a starting date, Turner presumably received the right to sue letter three days later on November 6, 2010. Eighty nine days later, on February 3, 2011, Turner filed her first Application, to which she attached her Complaint. The filing of Turner's Application prior to the expiration of the limitations period tolled the ninety day statute of limitations. As such, Turner's Complaint was timely even though it was not filed and entered on the docket until after the Court ordered that Turner may proceed in forma pauperis.

### 3. Retaliation

To state a claim for retaliation in violation of Title VII, Turner must establish (1) she "engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action." Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008). A protected activity within the meaning of Title VII includes either opposing an act of discrimination made unlawful by Title VII or participating in an investigation under Title VII. 42 U.S.C. § 2000e-3(a); EEOC v. Luce, Forward, Hamilton & Scripps, 303 F.3d 994, 1005 (9th Cir. 2002). The opposed conduct does not have to be "demonstrably unlawful" so long as the employee's opposition is based on a "reasonable belief" the employer's conduct is

unlawful.  Luce, 303 F.3d at 1005.  "However, the opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation."  Learned v. City of Bellevue, 860 F.2d 928, 932 (9th Cir. 1988); see 42 U.S.C. § 2000e-2(a)(1) (prohibiting discrimination based on race, color, religion, sex, or national origin).

Here, Turner alleges she was terminated after she filed a charge with the EEOC opposing Power Services' alleged FLSA violations.  Nowhere in her Complaint, however, does Turner allege that she opposed any discrimination based on race, color, religion, sex, or national origin or that she participated in an investigation regarding discrimination prohibited under Title VII.  Turner cannot state a claim for retaliatory discharge unless the retaliation relates to Turner's opposition to conduct that she reasonably believed was a Title VII violation.  The Court therefore dismisses Turner's Title VII retaliatory discharge claim with leave to amend to add factual allegations bringing her claim within Title VII or to identify another legal basis for her claim.

### B.  FLSA Claim

Subject to certain exceptions, the FLSA requires employers to pay overtime to employees working more than forty hours in a single work week "at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  To state a claim for denial of overtime compensation under the FLSA, Turner must establish (1) she was employed by Power Services, (2) she was engaged in interstate commerce or in the production of goods for commerce or was otherwise covered by the FLSA in her capacity as an employee of Power Services, (3) she worked in excess of forty hours in a single work week, and (4) Power Services did not pay her overtime compensation.  Id.; Chao v. Rivendell Woods, Inc., 415 F.3d 342, 343-44, 348 (4th Cir. 2005).

Turner alleges she was an hourly worker employed by Power Services and Power Services did not pay her overtime when she worked over forty hours in a single work week.  Turner's Complaint, however, contains no factual allegations regarding whether she was

1   engaged in interstate commerce or otherwise was covered by the FLSA during her

2   employment at Power Services.  Although Turner's Response asserts she was employed as

3   a switchboard operator for Power Services, the Court must look to the Complaint and may

4   not take into account additional facts asserted in a memorandum of law opposing a motion

5   to dismiss.  Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001) (concluding that a Rule

6   12(b)(6) motion to dismiss tests the sufficiency of the complaint, and allegations made

7   outside the complaint will not be considered); Car Carriers, Inc. v. Ford Motor Co., 745

8   F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended

9   by the briefs in opposition to a motion to dismiss.").  Based on Turner's failure to provide

10  sufficient factual allegations to state a claim for relief, the Court dismisses Turner's FLSA

11  claim with leave to amend.

12          Given that Turner fails to state a claim for violation of the FLSA, the Court need

13  not reach the issue of whether the ordinary two-year limitations period or the three-year

14  limitations period for willful violations of the FLSA applies in this case.  If Turner amends

15  her FLSA claim, however, she must sufficiently allege facts establishing a willful violation

16  of the FLSA for the three-year limitations period to apply.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

**IV.  CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Power Services' Motion to Dismiss (Doc. #21) is hereby GRANTED and Plaintiff Annette L. Turner's Complaint (Doc. #9) is hereby DISMISSED with leave to amend.

IT IS FURTHER ORDERED that Plaintiff Annette L. Turner shall have until June 1, 2012, to file an Amended Complaint if she believes she can correct the noted deficiencies.  Failure to comply with this Order will result in dismissal of this case, with prejudice.

DATED:  May 3, 2012

_____
PHILIP M. PRO
United States District Judge