**Annette L Turner**
1823 Boulder Hwy # 108
Las Vega, NV 89121
(702) 788-3812
**June 1, 2012**

2012 JUN -4  A  9: 03

## United States District Court
## District of Nevada

Annette L. Turner
    Plaintiff

Case # 2:11-cv-001900-PMP-PAL

vs.

Power Services
    Defendant

## AMENDED COMPLAINT

Comes Now, the Plaintiff, Annette L. Turner, being Pro Se and in forma pauperis

hereby moves this honorable court to grant my relief as requested of monetary damages

because the court should address the background facts as relevant and is summarized below

The plaintiff's claim is facially plausible when the plaintiff's complaint alleges facts

that allow the court to draw a reasonable inference that the defendant is liable for the

alleged misconduct.  Since the plaintiff is proceeding Pro se and in forma pauperis the

courts must liberally construe her pleadings. See Haines v Kerner, 404 US 519, 520-21

(1972).  The defendants seek dismissal of the complaint for lack of subject matter

jurisdiction – which can't be further from the truth. They also seek dismissal on the grounds

of failure to state a claim upon which relief may be granted.  The defendants ask this court

to dismiss her retaliation claims because of being filed 150 days after receipt of the EEOC

1

right to sue letter.  They also ask this court stating that she failed to establish a prima facie

case of retaliation and that they were not sufficiently pled.  It further goes on to state that

she should be time-barred before April 4, 2009.  I will show this honorable court, that each

of these contentions by the defendants are false and misleading at best, and are a veiled way

of hiding and masking the truth – because if the truth be known – it would not certainly end

well for the defendants.  This honorable court should grant the plaintiff a lot of leniency

because of her ongoing situation of not being schooled in the legal ways of the courts and

her lack of financial resources because of her ongoing indigent status.  See Katz v Dept. of

Health & Human Services F Supp 2d 2008 WL 138051 DNH Jan 9 2008 (NO 07 –cv-383-

PB). Also when a plaintiff commences an action Pro Se and especially in forma pauperis as

well - the magistrate judge is directed to conduct a preliminary review (which was NEVER

done in this case) and the court construes Pro se pleadings LIBERALLY – however

INARTFULLY pleaded. See Erickson v Pardus, US 127 S.Ct. 2197, 2200 (2007) following

Estelle v Gamble, 429 US 97, 106 (1976).  The policy behind affording Pro Se plaintiffs

liberal interpretations is that if they present sufficient facts, the court may intuit the correct

cause of action even if it was imperfectly pled.  See Castro v United States 540 US 375, 381

(2003).  Pro se pleadings should not be held to standards of inappropriately stringent rules

and unnecessary dismissals of claims.  All of the factual assertions made by a pro se litigant

and all inferences drawn there from must be accepted as true.  This review ensures that pro

se pleadings are given fair and meaningful consideration.  See Katz v NH dept of Health &

Human Services 2008 WL 138051. The defendants would like to have the court hold me to

a much higher standard in order to prevail in their cause. But the law is very clear on this

point, and EVERYONE KNOWS THIS – if you are required to work more than 40 hours in

2

a workweek – you are required to receive time and a half for all hours over forty. It doesn't

matter what the designation of the worker is. Whether the worker is part or full time is

irrelevant. The defendants are trying to confuse and cloud the issues with irrelevant

matters and utter nonsense that is often frivolous to the facts in this case.

## Memorandum of Points and Authorities

### Procedural background

The plaintiff, is trying to follow all court procedures as best as a layperson can,

without the benefit of counsel (because no counsel would take the case without funds first),

and without any help of any kind from anyone, but without any kind of financial assistance.

That is why certain court procedures were not strictly adhered to. This has been a

continuous struggle right from the beginning. When after filing her EEOC claim – she was

told – actually in writing – that there was nothing more required of her. She filed her claim

in Feb of 2009 stating that the two previous years that she was owed overtime pay. Then in

Feb of 2011 she was told that the file was lost AND that the case was lost as well. She was

informed that the entire file was "lost" including all of her pay stubs, time sheets, and other

documents proving her case for unpaid overtime dating back two years until 2007. The

defendants in this case have done everything in their sphere of influence to thwart the

efforts of the plaintiff to seek and demand justice for all of their misdeeds bestowed upon

her. The defendants not only deprived me of my overtime pay, but also DEFRAUDED the

United States government because Power Services was a sub-contractor for the 99

communications squadron at Nellis Air Force Base. Her employer routinely billed them for

my pay (and overtime pay) and not only did not compensate me for this – but pocketed the

3

money for themselves as further proof of their ongoing scheme to defraud.  Managers and other higher ups reported on the time sheets that they were actually working on the premises when in fact that they were not even in town – but on vacation.  Even though I don't have actual proof that Power Services actually did all of these things including causing the EEOC to lose my file ON PURPOSE.  Also, in furtherance of these actions they routinely also would come in late and leave early for personal reasons – and still invoice the government for the full 40 hours.  plus they would also routinely use government resources for personal uses and always stated that NO ONE be allowed to use these resources for any personal uses for personal gain.  But they would do it, and since no one could oversee their actions and abuses – they got away with it.  For the purposes of a preliminary review, the plaintiff has also adequately alluded that she has exhausted all her administrative remedies; to the extent such exhaustion may be necessary to establish the court's subject matter jurisdiction.  The court should make this finding only for the purposes of a preliminary review and without prejudice to the defendant's ability to raise the issue of exhaustion of administrative remedies at a later date.  See Clifford v Potter 2007 WL 4118814, 2 (DNH)

## Standards of Review

In considering a 12(b)(6) motion, a court must accept the factual allegations contained in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v Avondale Shipyards, Inc. 677 F.2d 1045, 1050 (5th Cir 1982).  The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6).  Spivey v Robertson, 197 F 3d 772, 774 (5th Cir 1999).  In order to survive a motion to dismiss, the complaint must contain factual matter, accepted as true, to state a

4

claim to relief that is plausible on its face.  Aschroft v Iqbal, US 129 S.Ct. 1937, 1949, 173

L.Ed 2d 868 (2009).  This plausibility standard requires the plaintiff to plead facts sufficient

to allow the court to draw reasonable inference that the defendants is liable for the

misconduct alleged.  A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. Pleadings must be sufficient to nudge plaintiff's claims across the line

from conceivable to plausible.  Twombly, 550 US at 570.  See Johnson v Garcia 2010 WL

4643730, 1 (SD Tex) (SD Tex 2010).  The plaintiff is proceeding pro se and I must liberally

construe her pleadings.  Haines v Kerner, 404 US 519, 520-21 (1972).  I cannot act as

advocate for a pro se litigant, however, who must comply with the fundamental

requirements of the federal rules of civil procedures. See Hall v Bellman, 935 F2d 1106,

1110 (10th Cir 1991).  The defendants seek dismissal for the lack of subject matter

jurisdiction under Fed R Civ P 12(b)(1) is described as follows:  Generally, rule 12(b)(1)

motions to dismiss for lack of subject matter jurisdiction take two forms.  first, a facial

attack on the complaint's allegations as to subject matter jurisdiction questions the

sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court

must accept the allegations as true.  Second, a party may go beyond allegations contained in

the complaint and challenge the facts upon which subject matter jurisdiction depends.  A

court has wide discretion to allow affidavits, other documents, and a limited evidentiary

hearing to resolve disputed jurisdictional facts under rule 12(b)(1).  In such instances, a

court's reference to evidence outside the pleadings does not convert the motion to a rule 56

motion.  See Holt v United States, 46 F 3d 1000, 1003 (10th Cir 1995) citations omitted).  In

court's reference to evidence outside pleadings does not convert motion to motion for

summary judgment.  fed Rules Civ Proc. Rules 12(b)(1), 56 28 USCA.  See Holt v US 46

F3d 1000 (CA 10 Okl) (1995).  where government claimed that waters that caused ice slick

to form on highway were released for flood control purposes, the court properly considered

evidence outside the pleadings and resolved factual disputes without converting

government's motion to dismiss for lack of subject matter jurisdiction into order.  Federal

courts may ignore the legal label that a pro se litigant attaches to a motion and

recharacterize the motion and place it within a different legal category in order to avoid

inappropriately stringent application of formal labeling requirements, or to create a better

correspondence between the substance of a pro se motion's claim and its underlying legal

basis.  See Castro v US 540 US 375 124 S.Ct. 786 (US 2003).

A motion for summary judgment and resolution of jurisdictional issues does not

depend on federal tort claims act, which provides substantive claims see 28 USCA §§ 1346

(b), 2671; 33 USCA § 702c; fed Rules Civ Proc Rules 12(b)(1) 56, 28 USCA – See Holt v

US 46 F3d 1000 (CA 10) (Okl. 1995).  The defendant is stating that the purpose of the

federal employees pay act is to compensate employees for official extensions of their

workday or workweek.  An authorized official directed plaintiff to perform official duties

during her scheduled off duty hours because no one else was available to operate a

switchboard that cannot be NOT STAFFED as per their contract with the government.

How can you be a communications squadron when no one is available to answer the phone?

All hours of work officially ordered in excess of 40 hours in an administrative workweek or

in excess of 8 hours in a day, performed by an employee are considered OVERTIME work

and shall be paid for at the rate of one and one half times the hourly rate of their basic pay.

**FLSA VIOLATIONS**

The FLSA requires employers to pay overtime to employees who are employed more than 40 hours per week  29 USC § 207(a)(1)  Dade County v Alvarez 124 F3d 1380, 1384 (11th Cir 1997)  In order for plaintiffs to recover for uncompensated overtime work under the FLSA plaintiffs must prove that (1) they worked overtime hours without compensation, and (2) defendants had knowledge, or should have had knowledge, of their overtime work.  Once plaintiffs have established their burden, the burden shifts to defendants to produce evidence to negate the reasonableness of the inference to be drawn from the employee evidence.  If the employer fails to produce such evidence, the court may then award damages, even though the result may be only approximate.  See Donovan, 676 F 2d at 471.   See also Reyna v ConAgra Foods, Inc. 2006 WL 3667231, 3 (MD GA (MD GA 2006).  While plaintiffs might not have realized the full extent of defendant's violations, it does not change the reality that these violations occurred.  When the evidence is clear that the plaintiff worked the overtime and was not paid, it is a violation of the act.  See Alexander v Vesta Insur Group Inc. 147 F Supp 2d 1223, 1240 (ND Ala 2001).

Statue of Limitations

Defendant have raised a statue of limitations issue.Generally speaking, ordinary violations of the FLSA and subject to the general 2 – years statue of limitations.But this is not an ordinary violation.This case is extraordinary in that at every turn power services has used it's abilities to thwart my efforts to seek fair & just compensation for my over time.Even though I brought suit with the EEOC – it took them way beyond any reasonable expectation of time to inform me that they lost my file, power services had used its influences to make

that happen – although I can't provide any actual proff.but due to a lot of heasay and other

non – proff admissions of guilt.I am certain that reason the file was lost was not a pure

accident, but had lots of help from power services which had a huge vested interest in that

out come.McLaughin v. Richiand  Shoe Co., 486 U.S. 128,135 (1988). However of

limitations in an action for unpaid overtime compensation.See id.at 128."To establish a

willful violation of the FLSA,[plaintiffs] must show that the [Defendants] either knew or

showed a reckless disregard for the matter of whether its conduct was prohibited by the

statue." Palmer v. Stewart County Sch. Dist., 178 Fed. Appx. 999, 1005 ( 11th Cir. 2006)

(citing McLaughlin,486 U.S. at 133).Defendants contend that Plaintiffs' FLSA claims are

limited to overtime working during the tow years preceding the filling of their complaint,

from May 20, 2002through September 17, 2003, the date plaintiffs were terminated.In their

reply brief, Plaintiffs assert that both of their overtime claims do not extend back further

than two years from the date of filling,indicating that they concede the tow years statue of

limitations period applies for both claims.However, pursuant to the Court's review,Plaintiffs

assert that Reyna is owed unpaid overtime from September 25,  2001 through November

17,2001 and from April 8, 2002 through August 31, 2002, some time of which is clearly

prior to the two years preceding the filling of their complaint.Because neither Plaintiffs nor

Defendants moved for summary judgment on whether the two or three year statue of

limitations applies (addressing the issue only in their response and reply briefs), the court

will delay its decision on this issue  until trial, when the parties can  clarify their positions.

**Damages for Unpaid Overtime and Liquidated Damages**

The FLSA provides that an employer who violates sections 206 or 207 of the Act will be liable to an employee in the amount of the employee's unpaid overtime compensation "and in a additional equal amount as liquidated damages." 29 U.S.C.§ 216(b); Kennedy v. Critical Intervention Servs., Inc., 199 f.Supp.2d 1305,1306 – 07 (M.D.Fla.2002).An exception to that rule exists,however,"if the employer can  show to the satisfaction of the court that the act or omission giving rise to the [FLSA] violation was in good faith and that the employer had reasonable grounds for bliving that its act or omission did not violate the FLSA," Kennedy,199 F.Supp.2d. at 1307; see also 29 U.S.C.§ 260.This good – faith exception set forth in 29 U.S.C.§ 206 is an affirmative defense, on wich the employer bears the burden of proof. Weisel v. Singapore Joint Venture, Inc.,602F.2d 1185,1191,n.18 (5th Cir.1979); Cusumano v. Maquipan Int'l., Inc., 390 F.Supp.2d1216,1218 – 23 (M.D.Fla.2005).The determination of whether an employer acted in good faith and had reasonable grounds for beliving its act or omission was not a  violation of the FLA has both a subjective and objective component. Dybach v. Fla. Dep't of Corr., 942 F. 2d 1562,1566 (11th Cir.1991). Subjective good faith means the employer had an honest intention to ascertain what the FLSA requires and to act in accordance with it. *I.d.* Objective good faith means the employer had reasonable grounds for believing its conduct comported with  the FLSA. *I.d.* in addition,"[g]ood faith requires some duty to investigate potential liability under the FLSA. "Barcellona v. Tiffany English Pub, Inc.,597 F.2d 469, 469 (5th Cir. 1979). An employer who knew or had reason to know that the FLSA applied cannot establish good faith as a defense. Reeve v. Int'l.Tel. & Tel. Corp., 616 F. 2d 1342, 135253 (5th Cir. 1980). Liquidated damages are mandatory where the employer fails to show good faith. Spires v. Ben Hill County, 980 F. 2d 683, 689 (11th Cir.1993).

Defendants have failed to show they acted in good faith, and therefore, the court should find that plaintiffs are entitled to both damages for unpaid overtime and liquidated damages. As discussed above, plaintiffs have proven that they should be compensated for all unpaid overtime hours worked. Furthermore, the court finds that plaintiffs are entitled to additional liquidated damages, equal to the amount of unpaid overtime. There is no fact issue precluding a finding that plaintiffs are entitled to liquidated damages as a matter of law. The evidence shows that Defendants knew plaintiffs were working over forty hours per week but nevertheless failed to pay them for all overtime hours worked. Defendants have pointed to no evidence showing either that they had an honest intention to ascertain what the FLSA required and to act in accordance with it,or that they had reasonable grounds for beliving their conduct comported with the FLSA.Defendants have,however,raised genuine isses of material fact as to the amount damages owed to Plaintiffs,namely whether Plaintiffs' calculations made in their brief have accounted for rounding practices permissible nder the FLSA and whether such calculations have accounted for vacation,holiday,sick,and other leave time.Furthermore,the Court is unable to discern the method by which Plaintiffs arrived at their final calculations of overtime owned. Therefore,damages must be proven  at trial.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment [Doc.23] is **GRANTED** as to lability only; the amount of damages use be proven at trial.Reyna v. ConAgra foods, Inc. L. 3667231, - 8 ( M.D.Ga., 206. Defendants have failed to show they acted in good faith, and therefore,the Court fines that Plaintiffs are entitled to both damages

for unpaid overtime and liquidated damages.As discussed above, Plaintiffs have proven that

they worked overtime hours wich they were not compensated.Accordingly,they should be

compensated for all unpaid overtime hours worked.Furthermore,the Court fines that

Plaintiffs are entitled to additional lquidatesd damages,equal to the amount of unpaid

overtime.There is not fact issue precluding a finding that Plaintiffs are entitled to liquidated

damages as a matter of law. The evidence shows that Defendants knew Plaintiffs were

worked forty hours per week but nevertheless failed to pay them for all overtime hours

worked.Defendants argue that because Plaintiffs submitted and approved the time sheets

that reflected less hours worked  than those reflected on the time cards, liquidated damages

are not warranted.Defendants'reliance on these time sheets,however,does not prove that

they had subjective or objective good faith. Defendants have pointed to no evidence

showing either that they had honest intention to ascertain what the FLSA required and to act

in accordance with it, or that they had reasonable grounds for beliving their condoct

comported with the FLSA.Reyna. v. ConAgra foods,Inc. 2006

WL3667231,8(M.D.Ga.)(m.d.Ga.,2006).1. Applicable Law  Plaintiff seek to hold

defendants liable  for violation of the overtime provision of the FLSA,29 U.SC.§207(A).

This provision requires employers to pay one and one – half times the employee's regular

rate for all hours worked in excees of forty  hours per week.Id. In order to prevail on his

claim for unpaid overtime,Plaintiff must prove by a preponderance of the evidence: (1) the

existence of an employment relationship; (2) that he was engaged in commerc or employed

by an enterprise engaged in commerce; (3) that defendants failed to pay him overtime

required  by the FLSA; and (4) that he is owned the amount claimed by a just and

reasonable inference. I.d. See also Harvill v. Westward Communications, L.LC., 433 F. 3d

428,493 (5th Cir.2005). JonesV. Will ,P .C. 2010 WL 723632,2(S.D. Tex .)(s.d.tex.,2010).

Doe v. u.s. 54 Fed.Ct.4004, 406 –( fed. Cl., 2002).

## SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if "there is no genuine issue ass to any material fact

and ...the moving party is entitled to a judgment as a matter of law. "Fed. R. Civ. P. 56(c);

see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Johnson v. Clifton, 74 F.3d

1087, 1090 (11th Cir.1996). Only a genuine issue of material fact will defeat a properly

supported motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 247-48 (1986). This means that summary judgment may be granted if there is

insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in

other words, if reasonable minds could not differ as to the verdict. See id. at 249-52. In

reviewing a motion for summary judgment, the court must view the evidence and all

justifiable inferences in the light most favorable to the nonmoving party, but the court may

not make credibility determinations of weigh the evidence. See id. at 54-55; see also Reeves

v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The moving party "always bears the initial responsibility of informing the district court of
the basis for its motion, and identifying those portions of the pleadings, depositions,
answers to interrogatories, and admissions on file, together with the affidavits, f any, which
it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to
a judgment as a matter of law. Celotex, 477 U.S. at 323 (internal quotation marks omitted).
If the moving party discharges this burden, the burden then shifts to the nonmoving party to
go beyond the pleadings and present specific evidence showing that there is a genuine issue
of material fact (i.e., evidence that would support a jury verdict) or that the moving part is
not entitled to a judgment as a mater of law. See Fed. R. Civ. P. 56(e); see also Celotex , 477
U.S. at 324-26. This evidence must consist of more than mere conclusory allegations of
legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.1991). Ultimately,
summary judgment must be entered where "the nonmoving party has failed to make a

sufficient showing on an essential element of her case with respect to which she has the burden of proof." celotex, 477 U.S. at 323.

When a district court is, as here, presented with cross motions for summary judgment on the same issue, "the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure: Civil § 2720, at 335-36 (3d ed. 1998). Cross-motions may, however, be probative of the absence of a factual dispute where they reflect general agreement by the parties as to the controlling legal theories and material facts. See United States v. Oakley, 744 F. 2d 1553, 1555 (11th Cir.1984).

This action is brought under 42 U.S.C. § 1983.Complaint, pp.2, ¶ 4; p. 6 (stating that the plaintiff believes her "Constitutional Civil Rights have been violated"). Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State,...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

### Conclusion

The plaintiff prays that for all the reasons stated above, the plaintiff moves this honorable court to grant my relief which consists of my unpaid overtime, and liquated damages equal to the unpaid amount of overtime. Please exhibit an attached document for the calculations of just some of my unpaid overtime as the records were "lost" by the EEOC, and they had the originals and all copies were destroyed when my storage unit was lost.Due to non-payment when I was being treated for a medical condition. Attached is some copies of my pay stubs, time sheets and calculations to see a clean and concise abuse of my right to a fair trial and just compensation for my over time hours. It is within the powers of this honorable court, as well as its moral obligation to grant me relief as requested and directed by law.

Sincerely: Annette L. Turner

13